Manly, J.
 

 The provision, in our law, for an appeal from a justice’s judgment, when the dissatisfied party is not prepared at the trial with sureties, (Rev. Code, ch. 62, sec. 26,) seems to be for the protection, solely, of the party desiring the appeal. The noting of the prayer for an appeal, and allowance of time to put in the requisite security, and the consequent suspension of final proceedings upon the judgment, for that time, can have no other operation. Without that, there would be nothing to hinder the successful party from resort
 
 *220
 
 ing immediately to process, which might compel satisfaction of the judgment. The failure to make a note of the prayer for an appeal, cannot, therefore, by any possibility, work an injury to the opposite party, and the objection, from that quarter, should be of no avail.
 

 Supposing the appeal to have been asked for, as we arc authorised to do, from the fact, that it was granted, (upon the principle that all things are presumed to be done rightly until the contrary appear,) the omission to make a memoran" dum of it would be mere official
 
 laches,
 
 which ought not to vitiate the appeal, or prejudice the rights of the parties. The requirement is merely directory to the justice, and intended to obviate certain possible difficulties, and does not, in an}7 way, affect the rights of the parties in respect to the appeal. This seems to have been one of the views, which the Court below took of the matter, and which influenced its judgment.
 

 "Whatever may be said of the foregoing, which we suppose, at any rate, will be considered debatable matter, there are two grounds upon which we think the judgment of the Court below may safely stand.
 

 First: It does not appear that the appeal was taken after .time allowed to put in sureties, under the provision of the statute, or that it was taken otherwise than such appeals usu-. ally are, upon and after the announcement of the judgment, with no greater interval of time than may be well allowed, according to the course of business, for the convenience of the parties. There is nothing tending to show, the appeal was at a different time from the granting of the judgment, except that the same justice, that entered the judgment, did not attest the appeal. There is nothing in the statute, requiring the justice to be the same; and the fact of itself, is by no means sufficient to rebut the presumption, that all things are done in order, and according to law, until the contrary appear.
 

 At the foot of the judgment, rendered on the 13th of April, 1857, it is added : “ Appeal, by the plaintiff, to the County Court craved, and granted upon the security of James Baker,
 
 *221
 
 &c.,” with no date; from which, the inference is reasonable, that it was done at the same time — that the judgment and grant of appeal were parts of the same transaction.
 

 Secondly : If it could be otherwise inferred, the lapse of time between the filing of the appeal and the motion to dismiss, in the County Court, (four terms of the court having intervened) was a waiver of the informality. Putting in security at the proper time, or indeed, putting it in at
 
 all,
 
 is not necessary to give jurisdiction to the appellate court. The omission of the justice to require a strict compliance with the law, would be an official misprision, that the appellee might complain of, and which he might have had corrected by motion upon the filing of the appeal, but he may waive it, and if he make no motion, but go on to the fourth term, prejiaring for trial, it will be considered as waived.
 

 The same may be said of the case in the Superior Court. After it was in that Court, two years elapsed and three continuances were effected, before the motion was made to dismiss.
 

 It was too late to move a peremptory dismission, on account of the original defectin the appeal;
 
 Wallace
 
 v.
 
 Corbitt,
 
 4 Ire. Rep. 45 ;
 
 Arrington
 
 v.
 
 Smith,
 
 Ibid. 59.
 

 The cases in which it has been held that acquiescence or lapse of time would not prevent a dismission for defect in the appeal, will be found to turn upon the position, that the appellate court got no jurisdiction by the attempted appeal;
 
 Hicks
 
 v.
 
 Gilliam,
 
 4 Dev. Rep. 211;
 
 Shuford v. Cunningham,
 
 8 Ire. Rep. 460.
 

 We think there was no error in the judgment of the Superior Court for Bladen, refusing to dismiss, and this opinion will be certified to that Court, with directions to proceed with the cause according to law.
 

 Per Curiam,
 

 Judgment affirmed.